Filed 12/11/20  Reed v. Edison CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| CHRISTIE REED,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>RONALD EDISON,<br><br>    Defendant and Respondent. | B297816<br><br>Los Angeles County<br>Super. Ct. No.<br>19STRO02125 |

APPEAL from an order of the Superior Court of Los Angeles County, Holly A. Thomas, Judge. Affirmed.

Christie Reed, in pro. per., for Plaintiff and Appellant.

Sherry Anne Lear for Defendant and Respondent.

_____

## INTRODUCTION

Christie Reed sought a civil harassment restraining order against Ronald Edison. After an evidentiary hearing, the trial court denied Reed's request and awarded Edison $2,000 in attorney's fees. Reed appeals. We affirm.

## BACKGROUND

On April 2, 2019, Reed filed a petition for a civil harassment restraining order against Edison under Code of Civil Procedure[1] section 527.6. The petition alleged that Reed lived in an apartment building located on Budlong Avenue in Los Angeles (the property) and Edison was a friend of a neighboring tenant. The petition also alleged that on March 29, 2019, Edison locked Reed out of her apartment and threatened to kill her if she tried to get back into the apartment.

Edison opposed the petition and sought $2,000 in attorney's fees. According to his declaration, Edison is a licensed real estate broker and was retained by the Federal National Mortgage Association (Fannie Mae) as the marketing agent for the property. Edison, however, never met Reed and he was not on the property on March 29, 2019. Edison also declared that he never harassed or threatened Reed in any way. According to a declaration submitted by Edison's attorney, Reed "is a serial pro per litigant at State, Federal and Appellate Courts and has used various addresses including one in Joshua Tree, CA which appears to be her actual residence."

---

[1] All undesignated statutory references are to the Code of Civil Procedure.

2

The hearing on the petition was held on April 23, 2019 and was transcribed by a court reporter. Both Reed and Edison testified at the hearing. "Having found no basis for the issuance of a permanent restraining order," the court denied the petition with prejudice, dismissed the case, and ordered Reed to pay Edison $2,000 in attorney's fees.

Reed timely appeals.

## DISCUSSION

To issue a restraining order, the trial court must find by "clear and convincing evidence that unlawful harassment exists." (§ 527.6, subd. (i).) "The standard of proof known as clear and convincing evidence demands a degree of certainty greater than that involved with the preponderance standard, but less than what is required by the standard of proof beyond a reasonable doubt." (*Conservatorship of O.B.* (2020) 9 Cal.5th 989, 998.) When "the clear and convincing standard of proof applied in the trial court, an appellate court should review the record for sufficient evidence in a manner mindful of the elevated degree of certainty required by this standard." (*Id.* at pp. 1000–1001.) "We resolve all factual conflicts and questions of credibility in favor of the prevailing party and indulge in all legitimate and reasonable inferences to uphold the finding of the trial court if it is supported by substantial evidence which is reasonable, credible and of solid value." (*Schild v. Rubin* (1991) 232 Cal.App.3d 755, 762.)

In this case, Reed contends that the court erred in denying the petition for a restraining order because Edison had no right to be on the property, Edison had a history of violence, and Reed was not given sufficient time to address Edison's claims in his response to the petition. Reed also contends that the court abused its discretion by awarding Edison attorney's fees. Construing

3

Reed's opening and only brief as a challenge to the sufficiency of the evidence to support the court's denial of the petition and the award of attorney's fees, we affirm the order.

First, the appellate record is inadequate for us to consider this or any other issue on appeal. Because Reed has elected to proceed with her appeal on only a clerk's transcript, the appellate record does not include a reporter's transcript of the evidentiary hearing or a suitable substitute. This omission precludes us from considering Reed's appeal because we simply do not know what evidence was before the trial court, and both Reed and Edison testified at the hearing. (See, e.g., *Ballard v. Uribe* (1986) 41 Cal.3d 564, 574 [failure to include transcript of trial precludes review of error; "a party challenging a judgment has the burden of showing reversible error by an adequate record"].)[2]

Second, as an appellate court our role is quite limited. We cannot reweigh the evidence or make determinations about the credibility of witnesses. (See *Bloxham v. Saldinger* (2014) 228 Cal.App.4th 729, 750.) That is the job of the trial court whose ruling we are required to presume is correct; an appellant must affirmatively show that the trial court committed an error, and one that so affected the outcome of the case that it was prejudicial. (See *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Here, Reed essentially is asking us to reweigh the evidence on appeal which we cannot do.

---

[2] In the notice designating the record on appeal, Reed checked a box acknowledging that without a record of the oral proceedings in the trial court, "the Court of Appeal will not be able to consider what was said during those proceedings in deciding whether an error was made" in the trial court proceedings.

Third, by not citing any legal authority to support her contentions that she was not given sufficient time to address Edison's claims and that the court abused its discretion by awarding Edison attorney's fees, Reed has forfeited those arguments. (See *Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 655 ["[T]he trial court's judgment is presumed to be correct, and the appellant has the burden to prove otherwise by presenting legal authority on each point made and factual analysis, supported by appropriate citations to the material facts in the record; otherwise, the argument may be deemed forfeited."].)

## DISPOSITION

Edison's unopposed motion to strike Reed's notice of lodging of trial exhibits and portions of her opening brief, filed on March 6, 2020, is granted. There is no indication in the record that the exhibits were offered or admitted into evidence at the hearing.

The April 23, 2019 order is affirmed. Edison shall recover his costs on appeal.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

LAVIN, J.

WE CONCUR:


EDMON, P. J.


EGERTON, J.